# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

RHONDA RICHARDS,  
An individual,

      Plaintiff,

v.

CIE USA,  
A Michigan, for-profit corporation,  
FRANK MAZAT, an individual, and  
HANNA GOJCAJ, an individual,

      Defendants.

Case No.:  
Hon.

_____/
Eric I. Frankie (P47232)  
Attorney for Plaintiff  
535 Griswold St., Suite 111-542  
Detroit, MI 48226  
(248) 219-9205  
ericfrankie26@yahoo.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Rhonda Richards ("Plaintiff") by and through her attorney, Eric I. Frankie, states for her Complaint against Defendant CIE USA, ("CIE"), Defendant Frank Mazat ("Mazat") and Hanna Gojcaj ("Gocjaj") as follows:

### I. PARTIES, JURISDICTION AND VENUE.

1

1. Plaintiff is a 57 year old Mexican-American female resident of Sterling Heights, County of Macomb, State of Michigan.

2. CIE is a domestic limited liability company doing business in the Shelby Township, County of Macomb, State of Michigan. Mazat was CIE's plant supervisor in Shelby Township, County of Macomb, State of Michigan. Gojcaj was Plaintiff's immediate supervisor at CIE in Shelby Township, County of Macomb, State of Michigan.

3. This Court has jurisdiction of the matter under 42 U.S.C. §2000(e)-5(f), 42 U.S.C. §12117 and 28 U.S.C. §1331.

4. Venue is proper in this Court because the events giving rise to this action occurred in the Eastern District of Michigan.

## II. GENERAL ALLEGATIONS.

5. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

6. Plaintiff was hired by CIE on August 21, 2010 as a press operator. After 3 months, Plaintiff was moved into a Quality Inspector position.

7. At all times relevant to this matter, Plaintiff has met or exceeded Defendants' employment expectations.

8. On September 19, 2018, while performing her normal duties at work, Mazat verbally assaulted and physically threatened Plaintiff.

9. Mazat asked Plaintiff where she kept labels and when she asked which ones, Mazat yelled "the secondary you stupid fucking bitch." The bar code labels on the secondary were not Plaintiff's job.

10. Mazat followed Plaintiff into CIE's quality office in an angry and threatening manner.

10. Mazat grabbed drawers and labels from Plaintiff's desk and threw them around the office.

11. While throwing desk drawers and labels, Mazat repeatedly yelled at Plaintiff "you're just a lazy bitch," "you're a fat bitch," and "you're a cunt, whore" or very similar words. Even after Mazat left CIE's quality office he kept repeating "you're just a stupid fucking, cunt, bitch," or similar words. At the time, Plaintiff who is 5' 2" weighed 250 lbs.

12. Plaintiff was very scared by Mazat's verbal assaults and physical threats. Plaintiff immediately went to her car and broke down in tears.

13. While in her car, Plaintiff called her immediate supervisor Hanna Gojcaj ("Gojcaj"), and reported Mazat's verbal assaults and physical threats to her.

14. Gojcaj directed Plaintiff not to report Mazat's verbal assaults and physical threats to CIE's HR department.

15. After consulting with her husband, Plaintiff went to CIE's HR department and made a complaint against Mazat to Karen Rabine ("Rabine").

3

16. Rabine, instead of taking any action to respond to Plaintiff's complaint about Mazat, told Plaintiff that she could move to its worst facility, Plant No. 4, to avoid further contact with Mazat.

17. Plaintiff could only work in Plant No. 4 for one day because of the awful conditions and then had to return to the same location, Plant No. 1, where Mazat worked.

18. Because Plaintiff reported Mazat's verbal assault and physical threats to CIE's HR department, Gojcaj undertook a campaign of retaliation against Plaintiff that lasted until her last actual day of work for CIE on April 15, 2019.

19. Gojcaj retaliated against Plaintiff in the following ways, among others, because Plaintiff had reported Mazat's verbal assaults and physical threats to CIE's HR department:

(a) Denied Plaintiff a promotion into the Lead Ttech position, which she was more qualified to perform than Audrey Spires ("Spires"), the person who received the position, because Plaintiff had a no overtime restriction due to work-related anxiety resulting from Mazat's assault/threats;

(b) Lied to Plaintiff that Spires did not receive the Lead Tech position;

(c) Refused to allow Plaintiff to take her allotted vacation time;

(d) Allowed and encouraged Spires and her daughter, Ashley, to go through Plaintiff's confidential medical and work records;

(e) Allowed and encouraged Spires and her daughter, Ashley, to further intimidate and harass Plaintiff;

(f) Allowed and encouraged Spires and her daughter, Ashley, to foist their work onto to Plaintiff to avoid having to do it themselves;

(g) Threatened Plaintiff with discipline based on the false allegation that Plaintiff had failed to let the appropriate person know that she was leaving early on one day; and

(h) Threatened to report Plaintiff to CIE's HR department because she objected to Gojcaj's retaliation and Spires' harassment.

20. Plaintiff reported Gojcaj's retaliation, as well as the Spires' harassment and intimidation, to Rabine but to no avail.

21. Because of the severe anxiety caused by Defendants' harassment/retaliation/discirmination, Plaintiff had to go on medical leave from CIE on April 15, 2019

22. On October 24, 2019, CIE terminated Plaintiff's employment even though Plaintiff wanted to return to her job.

23. Plaintiff has exhausted all administrative remedies prior to bringing this action. On August 12, 2019, Plaintiff filed her Charge of Discrimination with the E.E.O.C., No. 471-2019-03066. On November 17, 2020, Plaintiff received her Right to Sue letter from the E.E.O.C.

5

### III.  COUNT I-VIOLATIONS OF TITLE VII AND MCRA.

24. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

25. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., prohibits an employer/person from discriminating against an employee based on gender, weight and national origin and from creating a hostile work environment for an employee because of those classifications.

26. Similarly, the Michigan Civil Rights Act, MCL §37.2101 et seq., prohibits an employer/person from discriminating against an employee based on sex, weight and national original and from creating a hostile work environment for an employee because of those classifications.

27. Here, Defendants have violated Title VII of the Civil Rights Act and the Michigan Civil Rights Act by discriminating against Plaintiff and creating a hostile work environment for her because of her protected classifications.

28. Also, Defendants have retaliated against Plaintiff for engaging in protected activity under Title VII of the Civil Rights Act and the Michigan Civil Rights Act in violation of those Acts.

### IV.  COUNT II-VIOLATIONS OF ADA AND PWDCRA.

29. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

6

30. The Americans with Disability Act of 1990, 42 U.S.C. §12101 et seq., prohibits an employer from discriminating against a person with a qualifying disability by refusing them reasonable accommodations and/or terminating them for the exercise of their rights under the ADA.

31. Similarly, the Michigan Persons with Disability Civil Rights Act, MCL § 37.1101 et seq., prohibits an employer from failing to accommodate and/or discriminate against an employee because of their disability.

32. Here, Defendants have violated the ADA and PWDCRA by failing to accommodate Plaintiff and discriminating against her because of her qualifying disability.

33. Also, Defendants have retaliated against Plaintiff for engaging in activities protected by the ADA and PWDCRA in violation of those Acts.

## V. COUNT III-WORKERS' COMPENSATION RETALIATION.

34. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

35. Plaintiff has specifically requested that Defendants grant her benefits under the Michigan Workers' Disability Compensation Act.

36. In retaliation for Plaintiff's requests for benefits allowed by the Michigan Workers' Disability Compensation Act, Defendants have discriminated against and terminated her.

37. MCL 418.301(13) prohibits Defendants from discriminating against Plaintiff and terminating her for exercising her rights under the Michigan Workers' Compensation Act.

## VI. RELIEF REQUESTED.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff a trial by jury on all issues so triable, award Plaintiff all damages allowable under law, including costs and attorney's fees, and grant her any other relief this Court deems just and necessary.

Respectfully submitted,

Dated: February 9, 2021      By:____s/Eric I. Frankie_____
Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold, Suite 111-542
Detroit, MI 48226
(248) 219-9205